### In re WESSON.[1]

#### (District Court, E. D. Virginia. May, 1881.)

BANKRUPTCY—DISCHARGE—FAILURE TO PLEAD.

> A discharge in bankruptcy must be pleaded affirmatively in a proceeding by scire facias to revive a judgment as well as in an original suit, and the failure of the bankrupt to appear and set up his discharge in such a proceeding deprives him of the benefit thereof.

In Bankruptcy.

This was a petition filed by a discharged bankrupt to enjoin the sheriff from proceeding under an execution issued on a judgment recovered in a state court just prior to the filing of the petition in bankruptcy, and which, after becoming dormant, was revived by scire facias. The writ of scire facias had been served on the defendant, but he entered no appearance or defense.

HUGHES, District Judge. A discharge in bankruptcy must be pleaded affirmatively, just as infancy, coverture, or any other special defense to a debt must be pleaded. This is not only so, as to an original suit on a bond or other obligation, but it is so as to any subsequent proceeding to revive a judgment. The bankrupt in this case,

---

[1] This case has been heretofore reported in 4 Hughes, 522, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

having neglected and failed to enter the plea of bankruptcy in the proceeding for revival, or to suggest his bankruptcy in the original suit, has, as to King's judgment against him, lost by his own laches the benefit of his discharge in bankruptcy, and the judgment on scire facias, as well as the lien of the fieri facias, is good against him. Courts cannot be expected to help those who sleep on their rights. The injunction must be denied.